IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| WILSON SPORTING GOODS CO., <br><br> Plaintiff, <br><br> v. <br><br> AMP Live Events, LLC, <br><br> Defendants. | Case No.  3:22-cv-25-DJH <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Wilson Sporting Goods Co. ("Wilson") hereby complains of Defendant AMP Live Events, LLC ("AMP") as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition arising out of AMP's use of Wilson's "SLUGGER" and "LOUISVILLE SLUGGER" trademarks. The claims arise out of the laws of the United States, Title 15, Section 1051 et seq. of the United States Code (the "Lanham Act"), and out of the statutes and common laws of the Commonwealth of Kentucky.

2. In this action, Wilson seeks an injunction enjoining AMP from continuing to infringe Wilson's Federal and common law trademarks, an accounting of AMP's profits, and an award to Wilson of AMP's profits as authorized by the Lanham Act.

3. This Court has subject matter jurisdiction under 28 U.S. Code Section 1331 and 1338(a) because this Complaint asserts a federal question. To the extent any cause of action

arises under the laws of the Commonwealth of Kentucky, this Court has supplemental jurisdiction under 28 U.S. Code Section 1367.

## THE PARTIES

4. Wilson is a Delaware corporation headquartered at 130 East Randolph Street, Suite 600, Chicago, Illinois 60601.

5. Wilson is the owner of registered trademarks in the word mark "LOUISVILLE SLUGGER," having registration numbers 0379405, 0512675, 0511742, 1131403, 1326931, 1328693, 1352409, 2111291, 2144755, 2340147, 2354632, 2401296, 2414509, 2421681, 2537792, 2840949, 2856119, 3274641, 3406690, 3655349, 4289335, 4790970, 4790971, 5022786, 5105479, 5233098, and 6329138 (together, the "LOUISVILLE SLUGGER MARKS").

6. Wilson uses the LOUISVILLE SLUGGER MARKS in commerce in connection with, among other things, baseball bats, baseball equipment, and apparel.

7. Wilson is also the owner of registered trademarks in the word "SLUGGER," having registration numbers 1867098, 3619985, 4682605, 5418848, 5794764, and 6329137 (together, the "SLUGGER MARKS").

8. Wilson uses the SLUGGER MARKS in commerce in connection with, among other things, baseball bats, baseball equipment, and apparel.

9. Upon information and belief, AMP is a limited liability company organized under the laws of the State of Arizona and its registered agent maintains an office at 986 W Juanita Ave, Gilbert, AZ 85233.

10. AMP operates the website https://www.monstertrucktour.com/, through which it promotes upcoming Monster Truck events, including the so-called Monster Truck Nitro Tour (the "INFRINGING ACTIVITY") in a manner that infringes the SLUGGER MARKS and the

LOUISVILLE SLUGGER MARKS (together, "the ASSERTED MARKS"). AMP's infringing activities include, at the very least, naming one of the Monster Trucks "Louisville Slugger," or sometimes "Looeyville Slugger," and advertising and exhibiting that truck on the Monster Truck Nitro Tour.

## JURISDICTION AND VENUE

11. Wilson operates the Louisville Slugger brand in this judicial District, including by manufacturing Louisville Slugger products in this judicial district. AMP has directed its conduct to this judicial District by willfully infringing Wilson's ASSERTED MARKS, and by causing damage to Wilson's trademark rights in this District.

12. This Court has personal jurisdiction over AMP because AMP transacts business in this District, at least by offering to sell, selling, promoting and advertising goods and/or services that infringe Wilson's ASSERTED MARKS in a manner that targets and reaches customers in the Commonwealth of Kentucky and in this judicial District.

13. For example, AMP has organized Monster Truck events in the Commonwealth of Kentucky. AMP has also targeted residents of the Commonwealth of Kentucky with advertisements for ticket sales, and has sold tickets to Monster Truck events to its residents.

14. Venue is proper in this District under 28 U.S. Code Section 1391.

## FACTUAL BACKGROUND

15. Wilson is the owner of the Louisville Slugger brand, and the owner of the SLUGGER MARKS and the LOUISVILLE SLUGGER MARKS.

16. The SLUGGER MARKS are duly issued by the United States Patent and Trademark Office.

17. The SLUGGER MARKS are valid and in full force and effect.

18. The LOUSIVILLE SLUGGER MARKS are duly issued by the United States Patent and Trademark Office.

19. The LOUISVILLE SLUGGER MARKS are valid and in full force and effect.

20. A Section 15 Declaration of Incontestability has been filed for the following SLUGGER MARKS: 1867098, 3619985, and 4682605.

21. Under the terms of the Lanham Act, AMP cannot contest the SLUGGER MARKS having registration numbers 1867098, 3619985, or 4682605.

22. A Section 15 Declaration of Incontestability has been filed for the following LOUISVILLE SLUGGER MARKS: 0379405, 0512675, 0511742, 1131403, 1326931, 1328693, 1352409, 2111291, 2144755, 2340147, 2354632, 2401296, 2414509, 2421681, 2537792, 2840949, 2856119, 3274641, 3406690, 3655349, and 4289335.

23. Under the terms of the Lanham Act, AMP cannot contest the LOUISVILLE SLUGGER MARKS having registration numbers 0379405, 0512675, 0511742, 1131403, 1326931, 1328693, 1352409, 2111291, 2144755, 2340147, 2354632, 2401296, 2414509, 2421681, 2537792, 2840949, 2856119, 3274641, 3406690, 3655349, or 4289335.

24. Wilson has also acquired common law trademark rights in the SLUGGER MARKS and the LOUISVILLE SLUGGER MARKS.

25. Consumers have come to recognize the ASSERTED MARKS and have come to associate the ASSERTED MARKS with Wilson's Louisville Slugger brand as a famous mark.

26. The ASSERTED MARKS are so widely recognized as to be famous within the meaning of the Lanham Act.

27. For example, the sale of the Louisville Slugger brand to Wilson was reported on the front page of the Wall Street Journal, the USA Today, and many other national news outlets, as seen below:





28. Such articles are examples of evidence showing that the ASSERTED MARKS are associated with the Louisville Slugger brand in the mind of the consumer, and that the brand is recognized widely enough to be famous under the Lanham Act.

29. Because customers associate the ASSERTED MARKS with Wilson's Louisville Slugger brand, Wilson has a protectable interest in the ASSERTED MARKS.

30. AMP has used the ASSERTED MARKS in interstate commerce in connection with the INFRINGING ACTIVITY, including using the name "Louisville Slugger" and/or "Looeyville Slugger" in connection with one of the Monster Trucks.

31. AMP has advertised its truck as "Louisville Slugger" and stated, "This truck can take everyone out of the Park!" In this way, the Monster Truck is clearly trading off the fame of Wilson's Louisville Slugger brand.

32. Upon information and belief, AMP intends to display the truck at its next Monster Truck event in Jackson, MS, on January 22, 2022.

33. Wilson did not give AMP permission to use the ASSERTED MARKS.

34. AMP's infringing use of the ASSERTED MARKS creates an inevitable and unavoidable confusion, or likelihood of confusion, concerning the source of its products. AMP's infringing use of the ASSERTED MARKS also dilutes, blurs, and/or tarnishes the value of the ASSERTED MARKS.

35. Wilson has no sponsorship or other form of relationship with AMP, and has no control over the quality of the goods or services provided by AMP. Because of the confusion cause by AMP, Wilson's valuable goodwill in its ASSERTED MARKS and Louisville Slugger brand has been diminished or may become diminished.

36. On or around January 6, 2022, Wilson sent correspondence to AMP.

37. Wilson's correspondence requested that AMP cease and desist its infringement of the ASSERTED MARKS.

38. AMP received Wilson's correspondence.

39. AMP did not respond to Wilson's correspondence.

40. AMP has continued using the words "Louisville Slugger," and "Slugger" in connection with its Monster Trucks, even after receiving Wilson's correspondence.

41. Rather than stopping its use of the ASSERTED MARKS in response to Wilson's correspondence, AMP instead began advertising a truck it refers to as "Looeyville Slugger," which also infringes the ASSERTED MARKS.

42. Unless enjoined by this Court, Wilson will be irreparably harmed by AMP's ongoing and continuing infringement of the ASSERTED MARKS.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED MARKS UNDER
## SECTION 43(A) OF THE LANHAM ACT

43. Wilson incorporates paragraphs 1 through 42 as if fully set forth herein.

44. Wilson owns federal registrations in the ASSERTED MARKS.

45. Such federal registrations were duly issued by the United States Patent and Trademark Office and are valid and enforceable.

46. AMP has infringed Wilson's ASSERTED MARKS within the meaning of United States Code Section 1051, et seq, referred to as the Lanham Act.

47. AMP has used, and continues to use, Wilson's ASSERTED MARKS in commerce in connection with goods and/or services in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between AMP and Wilson.

48. AMP has had knowledge of Wilson's ASSERTED MARKS, and its ongoing infringement is willful and intended to cause confusion or mistake, or to deceive customers. Rather than stopping its use of the ASSERTED MARKS upon receiving Wilson's correspondence, AMP willfully ignored Wilson's correspondence and instead increased its uses of the ASSERTED MARKS.

49. AMP's infringement has caused, and continues to cause, irreparable harm and damage to Wilson, and has cause Wilson to suffer monetary damage in an amount thus far not determined.

50. Wilson has not adequate remedy at law, and an injunction is necessary to prevent ongoing damage to Wilson.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER
## SECTION 43(A) OF THE LANHAM ACT

51. Wilson incorporates paragraphs 1 through 50 as if fully set forth herein.

52. AMP's unauthorized use of the ASSERTED MARKS creates the false impression that AMP's Monster Truck(s) originate from, are licensed by, sponsored by, and/or otherwise affiliated with Wilson's Louisville Slugger brand, when in fact there is no connection between Wilson and AMP.

53. AMP is trading off the fame of Wilson's famous Louisville Slugger brand by making the baseball reference, "This truck can take everyone out of the Park!"

54. Wilson has no adequate remedy at law, and an injunction is necessary to prevent ongoing damage to Wilson.

## COUNT III
## DILUTION OF WILSON'S SLUGGER MARKS UNDER
## SECTION 43(C) OF THE LANHAM ACT

55. Wilson incorporates paragraphs 1 through 54 as if fully set forth herein.

56. Wilson's ASSERTED MARKS are famous marks within the meaning of the Lanham Act.

57. The Louisville Slugger brand has been used in commerce on baseball bats since 1894.

58. The Louisville Slugger brand has become synonymous with baseball.

59. The Louisville Slugger brand is used by baseball players of various ages and skill levels, including Major League Baseball players.

60. The Louisville Slugger brand has supplied bats to 80% of hitters in the Major League Baseball Hall of Fame, including Babe Ruth.

61. AMP's unauthorized use of the ASSERTED MARKS is likely to cause dilution by blurring or dilution by tarnishment of Wilson's famous ASSERTED MARKS. AMP's statement that "This truck can take everyone out of the Park!" further causes the public to believe that the truck is associated with Wilson's famous baseball brand.

62. This constitutes dilution under Section 43(c) of the Lanham Act and is likely to damage Wilson.

63. Wilson has no adequate remedy at law, and an injunction is necessary to prevent ongoing damage to Wilson.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

64. Wilson incorporates paragraphs 1 through 63 as if fully set forth herein.

65. This Count arises under the common law of trademarks, unfair competition and passing off of the Commonwealth of Kentucky.

66. This Court has jurisdiction over the claim set forth herein by virtue of 28 U.S.C. § 1338 (b) because this claim is one of common law trademark infringement and unfair competition and is substantially related to the claims arising under federal trademark law (including Counts I through III).

67. Wilson has used its ASSERTED MARKS in connection with baseball bats and related products, and the mind of the consumer has come to associate the ASSERTED MARKS with Wilson and its Louisville Slugger brand.

68. Wilson therefore has a protectable common law interest in the word marks "SLUGGER" and "LOUISVILLE SLUGGER."

69. AMP has willfully infringed Wilson's common law trademarks, and unfairly misappropriated the good will associated with the Louisville Slugger brand.

70. The infringing acts of AMP have caused irreparable harm and damage to Wilson and have caused Wilson to suffer damages in an amount thus far not determined.

71. AMP's unlawful conduct will continue to damage Wilson, unless enjoined by this Court.

### COUNT VI
### UNLAWFUL ACTS AND UNFAIR COMPETITION UNDER KY. REV. STAT. § 367.170

72. Wilson incorporates paragraphs 1 through 71 as if fully set forth herein.

73. Wilson is the owner the ASSERTED MARKS.

74. AMP has violated Ky. Rev. Stat. § 367.170 by using the ASSERTED MARKS in connection with its own INFRINGING ACTIVITY, which constitutes an unfair, false, misleading, or deceptive act or practice in the conduct of trade.

75. AMP's unlawful acts and acts of unfair competition have harmed Wilson, and will continue to harm Wilson unless enjoined by this Court.

### ALLEGATIONS OF DAMAGE

76. The acts of AMP have caused Wilson to suffer damages to its good will and business reputation, including without limitation monetary damages in an amount not yet determined.

77. By reason AMP's acts alleged herein, it has unjustly profited from its unlawful use of the ASSERTED MARKS.

78. AMP's continued use of the ASSERTED MARKS will cause Wilson to suffer irreparable injury which has no adequate remedy at law.

79. Under Section 35 of the Lanham Act, codified at 15 U.S.C. 1117, Wilson is entitled to recover AMP' profits, any damages sustained by Wilson, and the costs of this action.

80. An accounting is necessary to determine the amount of AMP's profits, which shall be awarded to Wilson pursuant to the Lanham Act.

81. After the accounting is complete, Wilson is entitled to AMP's profits from each Monster Truck event at which any trucks named "Louisville Slugger," "Looeyville Slugger," or any confusingly similar name was used.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wilson Sporting Goods Co. prays for judgment as follows:

A. That judgement be entered in favor of Wilson, and against AMP, on each of the causes of action set forth herein;

B. That this Court permanently enjoin and restrain AMP and its agents, employees, affiliates, and everyone otherwise associate with AMP from directly or indirectly using the SLUGGER MARKS, and any other mark that is confusingly similar to the SLUGGER MARKS;

C. That this Court permanently enjoin and restrain AMP and its agents, employees, affiliates, and everyone otherwise associate with AMP from directly or indirectly using the LOUISVILLE SLUGGER MARKS, and any other mark that is confusingly similar to the LOUISVILLE SLUGGER MARKS;

D. That this Court award AMP's profits to Wilson;

E. That this Court award Wilson the actual damages incurred by Wilson as a result of AMP's use of the ASSERTED MARKS.

F. That this Court award treble damages as a result of AMP's intentional acts;

G. That this Court find this case to be "exceptional" within the meaning of the Lanham Act and award Wilson it's costs and attorney's fees under Section 35(a) of the Lanham Act;

H. That this Court grant Wilson all equitable and monetary relief as it shall deem just and proper.

### JURY DEMAND

Wilson hereby demands and request a jury trial on all issues that are triable by jury.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

/s/*Marcia L. Pearson*
Marcia L. Pearson
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
502.238.8500 (Main)
502.238.7995 (Fax)
marcia.pearson@wilsonelser.com
*Counsel for Plaintiff,*
*Wilson Sporting Goods Co.*

-and-

Oliver D Yang (*pro hac vice forthcoming*)
Yang Law, LLC
311 South Wacker Drive, Suite 2470
Chicago, IL 60606
(Direct) 312-377-3234
ody@yang.law
*Counsel for Plaintiff,*
*Wilson Sporting Goods Co.*